UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 06-22440-CIV-LENARD/TORRES

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

U.S. GAS & ELECTRIC, INC., et al.,

Defendants.
_____/



FILED by _____ D.C.

OCT 13 2006

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

### AMENDED FINAL JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AGAINST U.S. GAS & ELECTRIC, INC.

Defendant U.S. Gas & Electric, Inc. ("U.S. Gas") by the Consent annexed hereto, without admitting or denying any of the allegations in the Complaint filed by the Securities and Exchange Commission ("Commission"), except that it acknowledges service of the Complaint against it and admits the jurisdiction of this Court over it and over the subject matter of this action, has agreed to the entry of this Final Judgment of Permanent Injunction and Other Relief against U.S. Gas ("Final Judgment"). U.S. Gas has furthermore waived findings of fact and conclusions of law and has waived any right to appeal from this Final Judgment. This Court, having accepted U.S. Gas's Consent and having jurisdiction over U.S. Gas and the subject matter of this action, and being fully advised in the premises, orders as follows:

## I.

## **PERMANENT INJUNCTION**

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that U.S. Gas, its directors, officers, agents, servants, employees, attorneys, and those persons in active concert or participation with it, and each of them, are restrained and enjoined from:

### Section 5 of the Securities Act of 1933

A.     Directly or indirectly, (a) making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell securities in the form of units, common stock, warrants or any other securities (including, but not limited to, the investment contracts, promissory notes or limited liability companies), through the use or medium of any prospectus or otherwise, unless and until a registration statement is in effect with the Commission as to such securities; (b) carrying securities, in the form of units, common stock, warrants or any other securities (including, but not limited to, the investment contracts, promissory notes or limited liability companies), or causing them to be carried through the mails or in interstate commerce, by any means or instruments of transportation, for the purpose of sale or for delivery after sale, unless and until a registration statement is in effect with the Commission as to such securities; or (c) making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy, through the use or medium of any prospectus or otherwise, any securities, in the form of units, common stock, warrants or any other securities (including, but not limited to, the investment contracts, promissory notes or limited liability companies), unless a registration statement is filed with the Commission as to such securities, or while a registration statement

filed with the Commission as to such security is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 USC § 77h, in violation of Sections 5(a) and 5(c) of the Securities Act, 15 USC §§ 77e(a) and 77e(c), provided, however, that nothing in the foregoing portion of this injunction shall apply to any security or transaction which is exempt from the provisions of Section 5 of the Securities Act, 15 USC § 77e;

### Section 17(a)(1) of the Securities Act of 1933

B.      Directly or indirectly, by use of any means or instruments of transportation or communication in interstate commerce, or by the use of the mails, in the offer or sale of securities, knowingly or recklessly employing devices, schemes or artifices to defraud, in violation of Section 17(a)(1) of the Securities Act of 1933 ("Securities Act"), 15 USC § 77q(a)(1);

### Section 17(a)(2) & (3) of the Securities Act of 1933

C.      Directly or indirectly, by use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, in the offer or sale of securities, (i) obtaining money or property by means of untrue statements of material facts or omissions to state material facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading; or (ii) engaging in acts, practices and courses of business which have operated and will operate as a fraud or deceit upon purchasers and prospective purchasers of such securities, in violation of Sections 17(a)(2) & (3) of the Securities Act, 15 USC §§ 77q(a)(2) & (3); and

### Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5

D.  Directly or indirectly, by use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any securities, knowingly or recklessly: (i) employing devices, schemes or artifices to defraud; (ii) making untrue statements of material facts and omitting to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or (iii) engaging in acts, practices and courses of business which have operated, are now operating or will operate as a fraud upon the purchasers of such securities in violation of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 USC § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.10b-5.

### Section 13(a) of the Exchange Act and Rules 13a-1 and 13a-13

E.  Directly or indirectly failing to file with the Commission annual or quarterly reports, to the extent Defendant has securities registered pursuant to Section 12 of the Exchange Act, in violation of Section 13(a) of the Exchange Act, 15 U.S.C. § 78m(a), and Rules 13a-1 and 13a-13, 17 C.F.R. §§ 240.13a-1, 240.13a-13, promulgated thereunder.

## II.

## DISGORGEMENT AND PENALTY

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is liable for disgorgement of $771,673, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $107,131, for a total of $878,804. Based on Defendant's sworn representations in its Statement of Financial Condition dated March 14, 2006, and other documents and information submitted to the Commission, however, the Court is not ordering Defendant to pay a civil penalty and

4

payment of all but $167,000 of the disgorgement and pre-judgment interest thereon is waived. Defendant's liability for payment of the remaining disgorgement and pre-judgment interest thereon is waived. Defendant shall also pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The determination not to impose a civil penalty and to waive payment of all but $167,000 of the disgorgement and pre-judgment interest is contingent upon the accuracy and completeness of Defendant's Statement of Financial Condition. If at any time following the entry of this Final Judgment the Commission obtains information indicating that Defendant's representations to the Commission concerning its assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion and without prior notice to Defendant, petition the Court for an order requiring Defendant to pay the unpaid portion of the disgorgement, pre-judgment and post-judgment interest thereon, and the maximum civil penalty allowable under the law. In connection with any such petition, the only issue shall be whether the financial information provided by Defendant was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made. In its petition, the Commission may move this Court to consider all available remedies, including, but not limited to, ordering Defendant to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Final Judgment. The Commission may also request additional discovery. Defendant may not, by way of defense to such petition: (1) challenge the validity of the Consent or this Final Judgment; (2) contest the allegations in the Complaint filed by the Commission; (3) assert that payment of disgorgement, pre-judgment and post-judgment interest or a civil penalty should not be ordered; (4) contest the amount of disgorgement and pre-judgment and post-judgment interest; (5) contest the imposition of the maximum civil penalty

allowable under the law; or (6) assert any defense to liability or remedy, including, but not limited to, any statute of limitations defense.

### III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant shall satisfy its obligation to pay the unwaived portion of the disgorgement and prejudgment interest thereon by paying $167,000 to the Clerk of this Court no later than seven days after entry of the Final Judgment, together with a cover letter identifying U.S. Gas & Electric, Inc. as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall simultaneously transmit photocopies of such payment and letter to: Robert K. Levenson, Regional Trial Counsel, U.S. Securities & Exchange Commission, 801 Brickell Avenue, Ste. 1800, Miami, FL 33131. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendant. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS") or any other type of interest bearing account that is utilized by the Court. These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court. In accordance with 28 USC § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income

earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States.

. The Commission may by motion propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that it is entitled to, nor shall it further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Final Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

## IV.

## INCORPORATION OF CONSENT

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that U.S. Gas shall comply with the provisions of the Consent, and that the Consent is incorporated by reference into this Final Judgment as if fully set forth herein.

## V.

## RETENTION OF JURISDICTION

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction over this matter and U.S. Gas in order to implement and carry out the terms of this Final Judgment and all Orders and Decrees that may be entered, and/or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

VI.

## RULE 54(b) CERTIFICATION

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

**DONE AND ORDERED** this 11 day of Oct., 2006 at Miami, Florida.

_____
HONORABLE JOAN A. LENARD
**UNITED STATES DISTRICT JUDGE**

Copies:

Roger Cruz
Senior Trial Counsel
Securities and Exchange Commission
801 Brickell Avenue, Suite 1800
Miami, Florida 33131

Philip Schwartz, Esq.
Akerman Senterfitt
One Southeast Third Avenue
28th Floor
Miami, FL 33131
Attorney for U.S. Gas & Electric, Inc.

Leonard Bloom, Esq.
Akerman Senterfitt
One Southeast Third Avenue
28th Floor
Miami, FL 33131
Attorney for Donald Secunda and
Douglas W. Marcille

Mel Webman, Register No. 64719-004
Federal Detention Center
33 NE 4th Street
Miami, FL 33132