UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 06-22440-CIV-LENARD/TORRES

SECURITIES AND EXCHANGE COMMISSION,   )
                                      )
                         Plaintiff,   )
                                      )
v.                                    )
                                      )
U.S. GAS & ELECTRIC, INC.,            )
LARRY WEBMAN,                         )
MELVIN WEBMAN,                        )
DONALD E. SECUNDA, and                )
DOUGLAS W. MARCILLE,                  )
                                      )
                         Defendants.  )
_____ )

FINAL JUDGMENT SETTING DISGORGEMENT AND CIVIL
PENALTY AGAINST DEFENDANTS DONALD E.
SECUNDA, LARRY WEBMAN, AND MELVIN WEBMAN

THIS CAUSE came before the Court upon Plaintiff's Motion and Memorandum of Law For Final Judgment Setting Disgorgement and Civil Penalty Against Defendants Larry Webman, Melvin Webman and Donald E. Secunda (D.E. 33) (the "Commission's Motion for Final Judgment"), which this Court partially granted and denied in its April 9, 2008 Order Adopting in Part and Overruling in Part Magistrate Judge's Report and Granting in Part and Denying in Part Plaintiff's Motion for Final Judgment Setting Disgorgement and Civil Penalties (D.E. 66) (the "April 9 Order"). Pursuant to the Court's April 9 Order, the Commission has submitted a memorandum recalculating the disgorgement amount against Secunda, which the Court has reviewed.

**UPON CONSIDERATION** of the Commission's Motion for Final Judgment and its memorandum recalculating Secunda's disgorgement, and the Court being otherwise fully advised in the premises, it is

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Final Judgment is GRANTED as follows.

I.

## DISGORGEMENT AND CIVIL PENALTY AS TO DONALD E. SECUNDA

**IT IS FURTHER ORDERED AND ADJUDGED** that Secunda is liable for disgorgement of $392,259.15, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $10,529.98, and a civil penalty in the amount of $80,000 pursuant to Section 20(d) of the Securities Act and Section 21(d) of the Exchange Act, 15 U.S.C. §§ 77t(d) and 78(d)(3), for a total of $482,789.13. Secunda shall satisfy this obligation by paying $482,789.13 within ten business days of the date of this Final Judgment to the Clerk of this Court, together with a cover letter identifying Secunda as a defendant in this action; setting forth the title and case number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Secunda shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action. By making this payment, Secunda relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to him. Secunda shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS"). These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order

of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States.

The Commission may by motion propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Final Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Secunda shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Secunda's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Secunda's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Secunda shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Final Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Secunda by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

Secunda shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that he pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Secunda further shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that he pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

## II.

### DISGORGEMENT AND CIVIL PENALTY AS TO LARRY WEBMAN

**IT IS FURTHER ORDERED AND ADJUDGED** that Larry Webman is liable for disgorgement of $273,500, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $11,049.40, and a civil penalty in the amount of $120,000 pursuant to Section 20(d) of the Securities Act and Section 21(d) of the Exchange Act, 15 U.S.C. §§ 77t(d) and 78(d)(3), for a total of $404,549.40. Larry Webman shall satisfy this obligation by paying $404,549.40 within ten business days of the date of this Final Judgment to the Clerk of this Court, together with a cover letter identifying Larry Webman as a defendant in this action; setting forth the title and case number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Larry Webman shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action. By making this payment, Larry Webman relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be

4

returned to him. Larry Webman shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS"). These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States.

The Commission may by motion propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Final Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Larry Webman shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Larry Webman's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Larry Webman's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Larry Webman shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the

United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Final Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Larry Webman by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

Larry Webman shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that he pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Larry Webman further shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that he pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

### III.

### DISGORGEMENT AND CIVIL PENALTY AS TO MELVIN WEBMAN

**IT IS FURTHER ORDERED AND ADJUDGED** that Melvin Webman is liable for disgorgement of $459,918.13, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $18,580.69, and a civil penalty in the amount of $120,000 pursuant to Section 20(d) of the Securities Act and Section 21(d) of the Exchange Act, 15 U.S.C. §§ 77t(d) and 78(d)(3), for a total of $598,498.82. Melvin Webman shall satisfy this obligation by paying $598,498.82 within ten business days of the date of this Final Judgment to the Clerk of this Court, together with a cover letter identifying Melvin

Webman as a defendant in this action; setting forth the title and case number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Melvin Webman shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action. By making this payment, Melvin Webman relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to him. Melvin Webman shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS"). These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States.

The Commission may by motion propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Final Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Melvin Webman shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Melvin Webman's payment of disgorgement in this action, argue that

he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Melvin Webman's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Melvin Webman shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Final Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Melvin Webman by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

Melvin Webman shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that he pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Melvin Webman further shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that he pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

## IV.

### RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction over this matter and the Defendants in order to implement and carry out the terms of

all Orders and Decrees that may be entered and/or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court, and will order other relief that this Court deems appropriate under the circumstances.

**DONE AND ORDERED** this __3__ day of __June__, 2008, in Miami, Florida.

_____
JOAN A. LENARD
UNITED STATES DISTRICT JUDGE

Copies to:

All counsel of record and unrepresented parties